[Cite as *State v. Sparks*, 2025-Ohio-1995.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 31229 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRYAN SPARKS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2002-12-3669 |

DECISION AND JOURNAL ENTRY

Dated: June 4, 2025

HENSAL, Judge.

{¶1}   Bryan Sparks has appealed the denial of his motion for reversal and immediate release due to incompetent, ineffective assistance of trial counsel. For the following reasons, this Court affirms.

I.

{¶2}   In 2004, a jury found Mr. Sparks guilty of multiple counts of rape and other offenses. On appeal, this Court reversed his sentence, and the trial court resentenced him in 2005 and again in 2010. In 2011, Mr. Sparks moved for post-conviction relief but the trial court denied his motion. He has since filed several additional post-conviction motions, including a motion for reversal and immediate release due to incompetent, ineffective assistance of trial counsel in August 2024. The State opposed the motion, arguing that the court should construe the motion as a petition for post-conviction relief that is untimely and successive. The State also argued that, even if the trial court had jurisdiction to consider the motion, Mr. Sparks's ineffective of assistance claim was

barred by res judicata. The trial court denied the motion, concluding that it must be treated as a petition for post-conviction relief and that Mr. Sparks had not established the requirements for filing an untimely or successive petition. Mr. Sparks has appealed, assigning as error that the trial court incorrectly denied his motion.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT[']S MOTION SPECIFICALLY REGARDING INCOMPETENT, INEFFECTIVE ASSISTANCE OF COUNSEL, CLAIMING IT WAS BARRED BY RES JUDICATA WHEN STATE STATU[T]E CONFIRMS THAT RES JUDICATA DOES NOT APPLY TO INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

{¶3} In his assignment of error, Mr. Sparks argues that the trial court incorrectly denied his motion for reversal and immediate release due to incompetent, ineffective assistance of trial counsel. He notes that courts generally prefer to review cases on their merits, that he is a layman, and that courts have authority to recast pro se filings to avoid unnecessary dismissals. He argues that, because his ineffective assistance of trial counsel claim relies on evidence outside the original record, he did not need to raise it in his direct appeal, and it is not barred under the doctrine of res judicata. Mr. Sparks also notes that, if a sentence is void, a court may vacate it at any time.

{¶4} Mr. Sparks acknowledges that he filed his motion pursuant to Revised Code Section 2953.21. Section 2953.21(A)(2)(a) provides that a petition under that section "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . . ." Section 2953.23(A), however, provides that a court may "entertain a petition filed after" the deadline in Section 2953.21(A)(2) or a second or successive petition if additional requirements are met. Those requirements are both that 1) the petitioner shows he was unavoidably prevented from discovery

of the facts upon which he relies to present his claim for relief or the United States Supreme Court has recognized a new federal or state right that applies retroactively and his claim is based on the new right; and 2) he "shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense . . . ." R.C. 2953.23(A)(1). Alternatively, Section 2953.23(A)(2) allows a court to consider a petition under Section 2953.21 if DNA evidence establishes the petitioner's actual innocence by clear and convincing evidence.

{¶5} Contrary to Mr. Sparks's assertion, the trial court did not determine that his ineffective assistance of trial counsel claim was barred by res judicata. Instead, it determined that his petition for post-conviction relief was not timely under Section 2953.21(A)(2) and that he had not established that any of the exceptions under Section 2953.23(A) existed. Mr. Sparks has not challenged the trial court's determinations in his appellate brief. Specifically, he has not argued that he was unavoidably prevented from discovering the facts upon which his claim is based or that there is a new right that applies retroactively to his claims. He has also not argued that DNA evidence establishes his actual innocence. We, therefore, conclude that Mr. Sparks has not established that the trial court incorrectly denied his motion for reversal and immediate release due to incompetent, ineffective assistance of trial counsel. His assignment of error is overruled.

III.

{¶6} Mr. Sparks's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

BRYAN SPARKS, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.